Frost, J.
delived the opinion of the Court.
In Pratt and Moore v. Thomas, a count on a bill of exchange, clearly bad, ivas joined with a count in indebitatus assumpsit, which was good; and it was affirmed as the established rule in our Courts, that when the verdict is general, the judgment will not be arrested if any one. count is good. To the same effect is Neilson v. Emerson. Newbiggin v. Pillans was a case of misjoinder of counts, and a general verdict was supported on the counts to which the evidence applied. Lee and Wife v. Chambers was also a case of misjoinder of counts. A general verdict was rendered for the plaintiff, in which damages on the several counts were collectively assessed. On a motion in arrest of judgment, the verdict was substantially amended by permitting the plaintiff to strike out all the counts except one, and to enter judgment for the damages which, according to the bill of particulars and evidence, had been found by the jury on the remaining count. And this is conformable to the practice in Westminster. The distinction between the case of a joinder of good and defective counts, and a misjoinder of counts, is recognised only *342 when the objection is made by demurer. In the former case, t^e C0Un{S be substantially framed in the same form of action, a. general demurrer to the whole declaration could not pe SUpp01.te(j . pm the plaintiff would have judgment on those counts which are good. But if the ground of demurrer be misjoinder, the defendant must demur to the whole declaration, and the plaintiff cannot aid the mistake hy entering a Nolle prosequi, so as to prevent the operation of the demurrer for misjoinder. But a misjoinder may be aided after verdict, by taking separate damages, or by entering a remititur damna. If the verdict be taken generally, it may amended, according to the evidence, by the Judge’s notes.
1 °619 Rep’
l Chit. Plead, 205. ’ i Chit. Pi.
206. 1 Hyiof Ia°k’
l Chit pi 206. ' l Tidd’s Pr. 7i3,2d d°. 9 19 9‘
Sims^rltrob H5. '
Debruhl Neuffer," i Strob. 426.
By the Judge’s notes of the evidence in this case, it appears that no evidence whatever was offered on the counts in inde-bitatus assumpsit. Instead of amending the verdict by re-striding the finding of the jury to the counts on the notes, the same result will be as conveniently effected by pursuing the practice in Lee and Wife v. Chambers ; and the plaintiff has leave to strike out the counts in indebitatus assumpsit.
The objection to the verdict cannot strictly be made or considered, not having been taken as a ground of appeal; and is only noticed to be explained. When, as in this case, a note or other obligation stipulates for the payment of a certain sum at a day stated, together with interest from the date, the aggregate of the principal and interest becomes an interest bearing demand from the day stipulated for the payment- The verdict was then properly rendered for interest not merely on the principal sum of the notes, but on the aggregate of the principal and of the year’s interest which was payable when the notes were payable. This aggregate, if it varies at all from one thousand one hundred dollars, willnot, on emulation, be found to differ more than a few cents.
The motion is dismissed,
O’Neall, J. — Evans, J. — Wardlaw, J. — and Withers, J. — concurred.

Motion refused.